# C. S. Evans & Company v. The Early & Daniel Company.

(Decided June 6, 1924.)

## Appeal from Jessamine Circuit Court.

1. Trial—Case Must be Submitted to Jury where Reasonable Men Might Draw Different Inferences.—If there is a scintilla of evidence supporting defense from which reasonable men might draw different inferences, court may not direct verdict for plaintiff, but must submit case to jury, even though verdict for defendant would be against weight of evidence.

2. Sales—Verdict Properly Directed for Buyer for Losses and for Storage and Other Charges upon Rejected Wheat.—In action by buyer for his loss and storage and other charges upon rejected wheat, verdict held properly directed for plaintiff.

BRONAUGH & BRONAUGH for appellant.

J. H. WELCH and HUNT, BENNETT & UTTER for appellee.

OPINION OF THE COURT BY JUDGE O'NEAL—Affirming.

This is the second appeal of this case, appellant being the defendant and appellee the plaintiff in the circuit court. Upon the former appeal a judgment for the defendant entered upon a jury's verdict was reversed by this court upon the ground that the verdict was flagrantly against the evidence. Upon the return of the case to the lower court there was a retrial. The same state of facts was proven, largely by documentary evidence, and upon the plaintiff's dismissing one item of damage claimed in its petition about which there was some conflict in the evidence, the court peremptorily instructed the jury to find a verdict for the plaintiff for the full amount sued for.

From that action of the court this appeal is prosecuted. It is not contended that the evidence upon the second trial differs in any respect from that upon the first, but defendant insists that its evidence was sufficient to raise an issue of fact and to entitle it to have that issue submitted to the jury. As the facts are fully set out in the former opinion of this court, reported in 191 Ky. 699, we will only briefly summarize them here.

In April, 1915, plaintiff purchased of defendant 8,000 bushels of No. 2 red winter wheat at $1.59 per bushel f. o. b. Nicholasville, Kentucky, for shipment to Newport News, Virginia, subject to Newport News weights and in-

spection. About May 4th defendant shipped the wheat in eight carload lots to Newport News, and at the same time mailed to plaintiff bills of lading with drafts attached, which the latter paid. At Newport News four carloads were accepted and four rejected on account of garlic; plaintiff was notified by wire of the rejection and promptly, in turn, notified defendant both of the rejection and of its refusal to accept the wheat. Defendant failed or refused to take charge of the wheat after receiving this notice, and plaintiff thereby became liable for storage and other charges. It notified defendant that it would sell the wheat and it did sell it on the open market. It thereupon brought this suit to recover from defendant the sum of $2,034.87, which was the loss on the rejected wheat, $10.60 for shortage in the wheat, and $30.24 for failure of the defendant to load the cars to their full capacity.

The lower court being of the opinion upon the first trial either that there was a conflict in the testimony as to certain facts or that reasonable minds might differ as to the inferences to be drawn from the admitted facts, which were evidenced chiefly by letters and telegrams, submitted the case to the jury for its decision upon the facts. The jury found for the defendant, but upon the appeal taken by the plaintiff this court reversed the judgment entered upon that verdict for the reason that it was flagrantly against the evidence. Subsequently there was a retrial at which the same state of facts was proven. At the conclusion of all the evidence the lower court, either because it construed the former opinion of this court as, in effect, holding the plaintiff entitled to a peremptory instruction under the facts presented, or because it believed the defendant had wholly failed to establish a defense or contradict plaintiff's evidence, peremptorily instructed the jury to find a verdict for the plaintiff.

After a careful review of the record upon this as well as the former appeal, we are convinced of the correctness of the court's action. Defendant argues strenuously that the question of a peremptory instruction was not raised or discussed upon the first appeal and this court was not called upon then to decide whether or not a peremptory instruction should have been given and that, therefore, the question was not before the court and the doctrine of the law of the case does not apply. Under the circumstances as they exist we do not feel it necessary to consider that proposition. Whether the lower court directed a verdict for the plaintiff because of the construction put upon the former opinion of this court,

as counsel contend, or because it believed that under
the facts presented the plaintiff was entitled to such
an instruction, we are unable to determine from the
record as there is nothing to indicate upon what theory
the court based its ruling. Nor do we consider this mate-
rial, since we are satisfied the evidence clearly entitled the
plaintiff to a directed verdict; and the action of the court
in so holding was proper whatever may have been the
theory upon which it acted.

Nor do we mean to be understood as holding that
where a judgment is reversed because it is flagrantly
against the evidence, it necessarily follows that upon the
same evidence appearing upon a retrial the party who
secured the reversal is, as a matter of law, entitled to a
peremptory instruction. Had there been a scintilla of
evidence supporting the defense or from which reasona-
ble men might have drawn different inferences, it would
have been the duty of the trial court to have submitted
those matters to the jury under proper instructions, even
though a verdict for the defendant would have again been
against the weight of the evidence. But that condition is
not presented by the record, since defendant's evidence
wholly fails to raise any issue of fact to be submitted to
the jury.

It may be said further that while it is true the only
question raised upon the former appeal was whether or
not the verdict was flagrantly against the evidence, nev-
ertheless, it was necessary in the discussion and decision
of that question for this court to, and it did, weigh and
consider all of the evidence. Under the evidence then pre-
sented, which is the same as that now presented, this
court was of the opinion, and so held, that every fact nec-
essary to establish the plaintiff's case had been proven
and that the defendant had wholly failed to offer any pro-
bative evidence that either directly or by inference dis-
proved or contradicted the evidence of the plaintiff. All of
the evidence is fully stated and analyzed in detail in the
opinion upon the first appeal, as are the reasons for the
foregoing conclusions, and it is, therefore, not necessary
to repeat them here. It is sufficient to say that we have
again reviewed and considered the evidence and are con-
vinced of the correctness of the conclusion we then
reached, that is, that the plaintiff's right to recover was
established by uncontradicted evidence. It therefore fol-
lows that whatever may have been the basis for the rul-
ing of the lower court, whether acting under its concep-
tion of the effect of the former opinion or not, it did not

err in sustaining the plaintiff's motion for a peremptory instruction.

It will be noted that in our former opinion we said, with respect to the item of damage of $30.24 for failure to load the cars to their full capacity, that the evidence was sufficient to make a question for the jury. Necessarily with that issue in the case a peremptory instruction would have been improper and we would have been compelled to have held on the first appeal had the question of a peremptory been laid before us at that time. However, since the plaintiff dismissed that item of damage upon the last trial and it is not involved upon this appeal, it follows, therefore, for the reasons heretofore assigned, that with it out of the record, the lower court properly sustained plaintiff's motion for a peremptory instruction.

Wherefore, the judgment is affirmed.